UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| DEVON LEE STEPHENS,<br><br>    Plaintiff,<br><br>V.<br><br>WARDEN GREGORY KIZZIAH, et al.,<br><br>    Defendants. | Civil Action No. 7: 17-40-KKC<br><br>**MEMORANDUM OPINION<br>& ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Devon Lee Stephens is a prisoner incarcerated at the United States Penitentiary – Coleman I in Coleman, Florida. Proceeding without an attorney, Stephens has filed a complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1].

The Court must conduct a preliminary review of Stephens's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Stephens's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Stephens alleges that prison officials at United States Penitentiary-Big Sandy ("USP-Big Sandy") failed to order his transfer to a state holding facility and, instead, held

him in federal custody past his sentence expiration date of February 16, 2017. [R. 1 at p. 4]. He alleges violations of his Fourth Amendment right to be free from unreasonable seizure, his Fifth Amendment due process rights, and his right to be free from involuntary servitude. [*Id.*]. He filed this lawsuit against various USP-Big Sandy prison officials in their official and individual capacities. [*Id.* at p. 5].

However, the Court must dismiss Stephens's complaint for failure to state a claim. A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

First, although it appears that Stephens seeks only monetary relief, to the extent he seeks release from custody, such relief cannot be obtained through a civil rights action, but must instead be sought by filing a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent Stephens's complaint could be construed to seek release from custody, such relief is unavailable in this *Bivens* action.

Moreover, in his complaint, Stephens sues each of the individual federal employees in both their individual and official capacities. [R. 1 at p. 2-3] A suit against a government employee in his or her "official capacity" is not, as one might suppose, a suit against the employee for his or her conduct while performing job duties for the government. It is, in fact, a suit against the government agency that employs the individual. Thus, an official capacity suit against a Bureau of Prisons ("BOP") employee is a suit against the BOP, which is a federal agency. While *Bivens*

2

authorizes suits against federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). The official capacity claims must therefore be dismissed for lack of subject matter jurisdiction.

Turning to Stephens's claims against Defendants in their individual capacities, it is evident from the face of Stephens's complaint that he has failed to exhaust his available administrative remedies as is required before a prisoner may bring a *Bivens* claim in federal court. *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999). "[S]o long as the prison system has an administrative process that will review a prisoner's complaint even when the prisoner seeks monetary damages, the prisoner must exhaust his prison remedies." *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13, .14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16.

Here, Stephens states that he "filed" a grievance by "orally [speaking] to Warden Kizziah and Capt. Garza about release date," [R. 1 at p. 10] but indicates that he did not take any further action to appeal their decision. Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules...," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), Stephens's admitted failure to comply with the BOP's administrative process establishes that he

3

failed to properly exhaust his administrative remedies before filing this lawsuit. Thus, his complaint is subject to dismissal without prejudice for this reason alone.

However, even putting this defect aside, Stephens's complaint fails to state a claim for which relief may be granted. Stephens's *Bivens* claim seeks monetary damages from prison officials for allegedly failing to release Stephens by his claimed projected release date of February 16, 2017. However, Stephens's claim that, according to his Sentence Monitoring Computation Data Sheet, his release date should have been February 16, 2017, does not have merit. Although the Data Sheet submitted by Stephens states that his projected "statutory release date" is February 16, 2017, it further indicates that there is a detainer in place that was lodged by the United States Parole Commission. [R. 4-1]. In fact, the warrant issued by the United States Parole Commission (a copy of which Stephens attaches to his complaint) indicates that Stephens violated the conditions of a term of supervised release imposed by the Superior Court of the District of Columbia and directs the prison officials at USP-Big Sandy to hold Stephens in their custody "until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody." [R. 1-1]. Thus, to the extent that Stephens remained in federal custody past February 16, 2017, it was pursuant to the detainer in place, the validity of which Stephens has not challenged. Indeed, a review of the Federal Bureau of Prisons "Inmate Locater" website shows that Stephens remains in federal custody at USP-Coleman I and currently has a projected release date of October 29, 2019. *See* https://www.bop.gov/inmateloc/ (last visited February 7, 2018).

For all of these reasons, Stephens's purported *Bivens* claim against the Defendants in their individual capacities based on their failure to release him from federal custody on February 16, 2017, has no merit. Therefore, Stephens's complaint fails to state a claim against any of the named Defendants.

Accordingly, **IT IS ORDERED** that:

1. Stephens's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. **JUDGMENT** shall be entered contemporaneously with this Order.

3. This action is **STRICKEN** from the Court's active docket.

Dated February 20, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY